**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, et al., Plaintiffs,**

v.

**Kenneth McKEE, Roger McKee, and Robert Bailey, Defendants.**

**Civ. A. No. 5:83–5256.**

United States District Court, S.D. West Virginia, Beckley Division.

March 3, 1987.

James B. Leonard, Associate Regional Sol., Dept. of Labor, Arlington, Va., for plaintiffs.

Stephen B. Goad, Princeton, W.Va., John D. Wooton, Beckley, W.Va., for defendants.

## MEMORANDUM OPINION

DENNIS R. KNAPP, District Judge.

The Secretary of Labor filed this action on August 26, 1983, to enforce compliance with a Decision & Order issued on April 5, 1976. In his order Hearing Officer Aaron Silverman directed two corporations, Sunnyside Coal Corporation (Sunnyside) and J & J Coal Company, Inc. (J & J), to pay federal black lung benefits plus interest to David L. Cline (Cline) beginning January 1, 1974, and further, to reimburse the Secretary plus interest for benefits the Secretary had advanced to Cline. This matter is pending before the Court on motions of plaintiff and defendant, Roger McKee, for summary judgment. The material facts are undisputed.

Cline was employed by Sunnyside, a partnership comprised of Roger McKee, Kenneth McKee and Emel Hatfield, from November, 1972 until January, 1974, when Sunnyside was reorganized into another partnership, J & J, with Roger and Kenneth McKee as partners. Neither partnership was a self-insurer nor maintained workers compensation insurance for black lung. Cline continued to work for the J & J partnership until December 12, 1974. On March 27, 1975, J & J and Sunnyside corporations were chartered by the West Virginia Secretary of State and the two merged into J & J Coal Company, Inc., on March 26, 1976, with Kenneth McKee as president, A.E. Baldwin, vice-president, Robert Bailey, Secretary, and Roger McKee, Treasurer. Roger McKee was elected vice-president on March 26, 1976, and A.E. Baldwin became treasurer.

On December 28, 1973, Cline applied for black lung benefits with the Department of Labor based on his employment with Sunnyside. Sunnyside contested the claim. However, on April 5, 1976, Cline's claim was approved against Sunnyside Coal Corporation and Sunnyside Coal Corp., Inc., and/or J & J Coal Company, Inc., as successors in interest to the partnership. On April 26, 1977, the Benefits Review Board affirmed the hearing officer's ruling.

Defendants concede corporate liability for the benefits. The threshold issue for the Court's determination is the *personal* liability of the individual defendants.

Defendants Roger and Kenneth McKee were partners in both Sunnyside and J & J prior to their incorporating. Accordingly, pursuant to the provisions of the 1969 Black Lung Act, the McKees are "prior operators" and personally liable in said capacity for the payment of successor's liability for Federal Black Lung Benefits (30 U.S.C. § 932(i).

At the time Sunnyside was found liable for benefits to Cline, the Act did not provide for statutory personal liability on corporate officers for the delinquency of corporations for the payment of black lung benefits. However, § 423(d)(1) (30 U.S.C. § 933(d)(1)), which became effective March 1, 1978, assesses personal liability on certain corporate officials if the employer required to secure benefits fails to do so. In such case the:

president, secretary and treasurer [of such corporation] shall be severally personally liable, jointly with such corporation, for any benefit which may accrue under this subchapter in respect of any disability which may occur to any employee of such corporation while it shall so fail to secure the payment of benefits as required by this section.

Defendants object to the retrospective application of § 423(d)(1). The Supreme Court in the case of *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976), determined that "the retrospective aspect of legislation, as well as the prospective aspects, must meet the test of due process, and the justifications for the latter may not suffice for the former." Finding no due process violation, the Supreme Court imposed liability for black lung benefits on coal mine operators for compensation for a former miner's death or disability due to pneumoconiosis arising out of his employment in its mines although his employment was terminated prior to the passage of the Coal Mine Health & Safety Act. Defendants have shown no due process violation herein.

> "It is by now well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." 96 S.Ct. at 2892.

Further, the case of *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), sustains the principle that a court must apply the law in effect at the time its decision is rendered, in the absence of statutory mandate, legislative history or a resulting manifest injustice. The statute herein and its legislative history are silent on retrospective application. Central to a finding of a manifest injustice would be consideration of "(a) the nature and identity of the parties; (b) the nature of their rights, and (c) the nature of the

impact of the change in law upon those rights." 416 U.S. at 717, 94 S.Ct. at 2019.

When considering these factors concomitant with the importance of ensuring that officers will fulfill their obligations to require their corporations to obtain insurance under this Act, the retrospective application of the amendment is favored.

Each of the three defendants was president, secretary or treasurer of at least one of the two corporations; therefore, each is personally and severally liable for the payment of black lung benefits to Cline.

Accordingly, plaintiff's motion for summary judgment will be granted and defendant Roger McKee's like motion will be denied.

William E. Brock,[1] Secretary of Labor,
United States Department of Labor,
et al., Plaintiffs,

v.

Kenneth McKee and Roger
McKee, Defendants.

JUDGMENT ORDER

For the reasons set out in the Court's Memorandum Opinion of March 3, 1987 which Opinion is hereby ORDERED filed and made a part of the record in this case, it is hereby ORDERED that plaintiff's motion for summary judgment be granted and defendant Roger McKee's like motion be denied.

It is further ORDERED that defendants Kenneth McKee and Roger McKee are jointly and severally liable to plaintiff for $118,525.64. This liability represents $74,759.00 in black lung benefits that have been paid by the Black Lung Disability Trust Fund to David L. Cline as of February 28, 1987, together with interest thereon in the amount of $43,766.64, as provided by Section 424(b) of the Black Lung Benefits Act, 30 U.S.C. § 934(b).

Pursuant to Section 14(f) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 914(f), which is incorporated by reference into the Black Lung Benefits Act by Section 422(a) thereof (30 U.S.C. § 932(a)), Defendants also are jointly and

---

1. Substituted pursuant to Rule 25(d), F.R.Civ.P., for Raymond J. Donovan (resigned).

severally liable to David L. Cline for $14,-951.80, which represents a twenty percent penalty for failing to make timely federal black lung benefit payments to Mr. Cline. Pursuant to 33 U.S.C. § 921(d) defendants are further ORDERED to pay, and are enjoined from refusing to pay, continuing monthly benefits to David L. Cline in amounts, and for the period of time, specified under Section 412 of the Black Lung Benefits Act, 30 U.S.C. § 922, and the regulations issued thereunder in 20 C.F.R. Part 725.

The provisions of this order relating to reimbursement of the Black Lung Disability Trust Fund of money paid out of the Trust Fund to David L. Cline prior to March 1, 1987 shall be deemed satisfied when defendants deliver to plaintiff within 30 days of entry of this order a certified check or a cashier's check in the amount of $118,525.64 made payable to "U.S. Department of Labor."

The provisions of this order relating to the payment by defendants of the statutory twenty percent penalty shall be deemed satisfied when defendants deliver to David L. Cline within 30 days of entry of this order a certified check in the amount of $14,951.80.

Finally, it is ORDERED that this action be dismissed and stricken from the docket of this court.

The Clerk is directed to mail certified copies of this amended order, to counsel of record as herein.

It is further ORDERED that this order be entered nunc pro tunc as of June 19, 1987.