845 F.2d 70
 Raymond J. DONOVAN, Secretary of Labor, United States
Department of Labor; Wallace E. Robinson, Deputy
Commissioner, Office of Workers' Compensation Programs,
United States Department of Labor, Plaintiffs-Appellees,
v.
Roger McKEE, Defendant-Appellant,
and
Kenneth McKee; Robert Bailey, Defendants.
Raymond J. DONOVAN, Secretary of Labor, United States
Department of Labor; Wallace E. Robinson, Deputy
Commissioner, Office of Workers' Compensation Programs,
United States Department of Labor, Plaintiffs-Appellees,
v.
Kenneth McKEE, Defendant-Appellant,
and
Roger McKee; Robert Bailey, Defendants.
 Nos. 87-1138(L), 87-1139.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 1, 1988.
Decided April 21, 1988.
 
 1
 Daniel Grove Moler (Moler & Staton, Mullens, W.Va., John David Wooton, Wooton, Wooton & Fragile, Beckley, W.Va., on brief), for defendants-appellants.
 
 
 2
 Thomas L. Holzman, Asst. Counsel for Appellate Litigation, U.S. Dept. of Labor, Office of the Sol. (George R. Salem, Sol. of Labor, Donald S. Shire, Associate Sol., Barbara J. Johnson, Washington, D.C. for Appellate Litigation, on brief), for plaintiffs-appellees.
 
 
 3
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 ELLIS, District Judge:
 
 4
 This is an appeal from a summary judgment holding appellants, Kenneth and Roger McKee, personally liable for an administrative award of black lung disability benefits under the Federal Coal Mine Health and Safety Act of 1969 (the Act). A Department of Labor hearing officer awarded benefits to David Cline, a coal miner who had contracted pneumoconiosis (black lung) while employed by appellants' coal mining partnerships. The award issued against the partnerships' corporate successors in interest. When these entities failed to pay or to secure payment through purchasing insurance or qualifying as self insurers, the Secretary of Labor filed this action to enforce compliance with the administrative order and to impose personal liability on appellants. See 30 U.S.C. Sec. 934(b)(4)(A). Appellants conceded below the issues of corporate and partnership liability, but sharply contested the issue of personal liability.
 
 
 5
 The district court's summary judgment imposes personal liability on appellants on two separate and independent grounds. 669 F.Supp. 138 (1987). First, the district court found that appellants were "prior operators" under the Act, 30 U.S.C. Sec. 932(i), and therefore personally liable. Second, the district court found that appellants' positions as officers of the successor corporations justified personal liability pursuant to 30 U.S.C. Sec. 933(d)(1), a 1978 amendment to the Act. We affirm the district court's grant of summary judgment on the first ground and therefore deem it unnecessary to reach the issues raised by the alternative, second ground.[1]
 
 
 6
 The pertinent facts were stipulated and may be succinctly stated. Appellants and a third individual formed Sunnyside Coal Co. (Sunnyside) as a coal mining partnership in October, 1972. Cline commenced work for Sunnyside as a coal miner in November, 1972. In January, 1974, appellants organized a second coal mining partnership, J & J Coal Co., and conveyed Sunnyside's equipment to it. Cline then became an employee of J & J and continued his mining duties until December 12, 1974, the last date he was ever employed as a miner. Thereafter in March, 1975, appellants dissolved the partnerships and established two West Virginia corporations, J & J Coal Co., Inc. and Sunnyside Coal Corp., which assumed the assets of the partnerships. On or about March, 1976, Sunnyside Coal Corp. was merged into the J & J Coal Co., Inc. Five years later, in March, 1981, the J & J Coal Co., Inc. filed for bankruptcy under Chapter 11 of the bankruptcy laws.
 
 
 7
 In December 1973, while still employed by Sunnyside, Cline filed a claim for black lung benefits. A Department of Labor hearing officer held that Cline was entitled to federal black lung benefits and ordered the corporate successors to appellants' partnerships to pay them and to reimburse the Department of Labor for any benefits it had paid to Cline. Neither the partnerships nor the successor corporations ever complied with this order; they neither paid Cline's benefits, nor did they secure the payment of those benefits by qualifying as a self insurer or by purchasing an insurance policy.
 
 
 8
 Given these stipulated facts, the district court's imposition of personal liability on appellants as "prior operators" is unassailable. The purpose of the Act is to provide benefits to miners disabled from black lung. To assure benefit payments, Section 423 of the Act requires operators either to qualify as a self insurer or, alternatively, to purchase an appropriate insurance policy from an authorized insurance company. Where an operator fails to pay the benefits, to qualify as a self insurer or to purchase appropriate insurance, Section 424 of the Act, 30 U.S.C. Sec. 934, provides, in pertinent part, that an operator is liable to the United States in a civil action for the amount equal to benefits due. An "operator" is broadly defined as "any owner, lessee, or other person who operates, controls, or supervises a coal mine." 30 U.S.C. Sec. 802(d). The legislative history teaches that the definition of an "operator" is designed to be as broad as possible to include any individual, organization or agency, whether owner or lessee, who operates, controls or supervises a coal mine. 115 Cong.Rec. S39985 (daily ed. Dec. 18, 1969). Appellants are unquestionably "operators."
 
 
 9
 In 30 U.S.C. Sec. 932(i), Congress made clear that neither subsequent nor "prior operators" could avoid liability for benefit payments. Sections 932(b) and 932(i)(1) of the Act make clear that appellants, as "operators," were initially liable for payment of black lung benefits to Cline. Section 932(i)(2) makes equally clear that dissolution of the partnerships and creation of the corporations did not operate to extinguish appellants' liability as "prior operators." Indeed, were the statute construed as appellants contend, the result would be a license for operators to avoid benefit payments simply by effecting convenient changes of the business form under which coal mining operations are conducted. There is no warrant in the statutory language or purpose for allowing operators to resort to such shell game maneuvers to avoid liability for black lung benefit payments. See Lowen v. Tower Asset Management, Inc., 829 F.2d 1209, 1220-21 (2nd Cir.1987) (neither the corporate form nor the general principle of limited shareholder liability protects parties from effects of ERISA's remedial purposes).
 
 
 10
 In summary, at the time that Cline contracted pneumoconiosis and became eligible for black lung benefit payments, appellants, as partners in the coal mining partnerships, were personally liable as "operators." The subsequent demise of the partnerships does not operate to relieve appellees from their liability for benefits as "prior operators" under the Act.
 
 AFFIRMED
 
 
 [1]
 Where a corporate operator fails to pay benefits or to secure the payment of benefits, Section 933(d)(1) of the Act imposes personal liability on the president, secretary and treasurer of an operator for payment of benefits and for payment of the statutory $1000 per day fine. This provision, enacted in 1977, became effective in March, 1978. On and after this date, Roger McKee served only as vice president of operations of J & J Coal Corp., and not as president, secretary or treasurer. Only prior to the effective date of Section 933(d)(1) did Roger McKee serve as one of the listed corporate officers. With respect to Roger McKee, therefore, the district court's second ground raises the question, not here decided, whether Section 933(d)(1) should be given retrospective effect. See Bradley v. Richmond School Bd., 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)