**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Harold L. RINGLEY; James E.
Manicure, Defendants–
Appellants.**

**No. 91–3002.**

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1991.

Decided Feb. 9, 1993.

Joseph Harvey Roberts, Wise, VA, argued, for defendants-appellants.

Mark Siegal, Sp. Asst. U.S. Atty., U.S. Dept. of the Interior, Knoxville, TN, argued (John P. Alderman, U.S. Atty., Roanoke, VA, on brief), for plaintiff-appellee.

Before RUSSELL and WILKINS, Circuit Judges, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

OPINION

PER CURIAM:

This case raises the issue of whether the general partners of a coal mining partnership may be held liable under the Surface Mining Control and Reclamation Act of 1977 for the partnership's unpaid reclamation fees after the individual partners' debts have been discharged in bankruptcy. The United States brought this action

against the individual partners, Harold L. Ringley and James E. Manicure, after efforts to collect the unpaid fees from the partnership failed. Because we conclude that the partners may not escape payment of the reclamation fee, we affirm the district court's grant of summary judgment for the United States. 750 F.Supp. 750.

## I.

In 1978 and 1979, a Virginia general partnership operating under the name of Ringley & Mancuso Coal Producers conducted surface coal mining operations in Dickenson County, Virginia. Ringley and Manicure were the general partners of Ringley & Mancuso. During Ringley & Mancuso's operation, Manicure filed, signed, and notarized returns showing 33,-961.55 tons of coal production. The returns indicate that the total reclamation fee due totalled $11,886.54. The returns in this case were due on or before August 1, 1979, but all of the returns were filed on March 18, 1980, after a reclamation fee compliance audit.

On September 1, 1981, both partners filed petitions in bankruptcy. On November 23, 1981, the United States obtained a money judgment against the partnership for the amount of the delinquent fees, plus interest. The partnership has never satisfied that judgment.

On September 21, 1989, the United States filed this action against the individual partners, Ringley and Manicure, attempting to impose joint and several liability upon the partners for the unpaid fees. The partners claimed in defense that they were not liable because the United States had already obtained a judgment against the partnership, and even if they were liable for the unpaid fees, those debts had been discharged by their individual bankruptcies.

The district court granted the United States' motion for summary judgment on November 1, 1990, concluding that the United States could sue the partners individually and that their debts had not been discharged in bankruptcy. The partners appeal.

## II.

■ In reviewing a district court's grant of summary judgment, we apply the same standard as the district court used below under Fed.R.Civ.Pro. 56(c). *Ballinger v. North Carolina Agric. Extension Serv.*, 815 F.2d 1001, 1004 (4th Cir.), *cert. denied*, 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* As the facts in this case are not in dispute, our analysis will center on whether, on these facts, the United States was entitled to judgment as a matter of law.

Under 30 U.S.C. § 1232—section 402 of the Surface Mining Control and Reclamation Act of 1977 (the Act)—all coal mine operators are required to pay reclamation fees into a trust fund administered by the Secretary of the Interior. These funds are then used to protect the public health and safety from the adverse effects of pre-Act coal mining practices and to restore the land and water resources previously degraded by such practices. 30 U.S.C. § 1202.

Section 1232(a) requires "[a]ll operators of coal mining operations" to pay reclamation fees. 30 U.S.C. § 1232(a); *see also* 30 C.F.R. § 870.12(a) (1992). The Act defines an "operator" as "any person, partnership, or corporation engaged in coal mining who removes or intends to remove more than two hundred and fifty tons of coal from the earth by coal mining within twelve consecutive calendar months." 30 U.S.C. § 1291(13). There is no question in this case that the partnership was liable for reclamation fees.

■ On appeal, the partners contend that despite the partnership's liability for the unpaid fees, they are not individually liable as operators under the Act because the Act does not explicitly state that "partners" are operators. As the district court aptly observed, however, "it is a virtual axiom of partnership law that partners are personally and primarily liable for the

debts of the partnership." Indeed, to hold otherwise would afford partnerships the limited liability status of a corporation, which Virginia law does not provide to partnerships and which we will not do. Va. Code Ann. § 50–15 (1989)[1]; *see Green v. Foley,* 856 F.2d 660, 666 (4th Cir.1988), *cert. denied,* 490 U.S. 1031, 109 S.Ct. 1769, 104 L.Ed.2d 204 (1989).

■ The consistent broad interpretation of "operator" employed by the Secretary of the Interior, *see* 42 Fed.Reg. 62,713, comment 2 (1977) (stating that "[t]he number and variety of business arrangements employed in the coal industry make it difficult to further define 'operator' without considering the specific facts of particular cases"); 49 Fed.Reg. 31,412 (August 7, 1984),[2] and endorsed by Congress, *see* Abandoned Mine Reclamation Act of 1990, H.R.Rep. No. 101–294, 101st Cong., 1st Sess. 25 (1990), supports our conclusion that section 1291(13)'s definition of operator includes the general partners of a partnership liable for fees under section 1232(a). Because the Secretary's interpretation is a reasonable one designed to effectuate Congress' intent, we must uphold it.[3] *Chevron U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844–45, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984). Accordingly, we conclude that general partners of a partnership are liable as operators under section 1232(a) of the Act.

1. Section 50–15 provides:
   All partners are liable:
   (a) Jointly and severally for everything chargeable to the partnership under §§ 50–13 and 50–14;
   (b) Jointly for all other debts and obligations of the partnership....
   Va.Code Ann. § 50–15 (1989). Sections 50–13 and 50–14 apply to wrongful acts of the partners. Va.Code Ann. §§ 50–13, 50–14 (1989).

2. The Secretary stated in 1984 that the Agency will consider as responsible for payment of AML fees, any or all of the following persons: The person or entity who stands to benefit directly from the sale, transfer or use of the coal; the MSHA-identified operator; or a person or entity having a contract with the MSHA-identified operator. *This list is not all-inclusive. Moreover, it should be recognized*

III.

■ Ringley and Manicure assert that, even if we decide that they are individually liable for the unpaid reclamation fees due from the partnership, their individual liability for the fees has been discharged in bankruptcy. Their argument, however, fails to persuade us that they escape liability by virtue of the Bankruptcy Code.

Sections 523(a)(1)(A) and (B) of the Bankruptcy Code remove certain taxes—as defined in 11 U.S.C. § 507(a)(7)—from the benefits of discharge under the Bankruptcy Code. 11 U.S.C. § 523(a)(1)(A), (a)(1)(B). Section 507(a)(7)(E), which is cross-referenced in section 523(a), defines certain unsecured claims of governmental units, including

(E) an excise tax on—
   (i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under the applicable law or under any extension, after three years before the date of the filing of the petition....

11 U.S.C. § 507(a)(7)(E). The partners concede that the reclamation fees at issue in this case are excise taxes as defined by the Bankruptcy Code, and we agree.

With respect to the application of section 523(a)(1)(A), at least one circuit, and a number of Bankruptcy Courts, have concluded that reclamation fees are excise taxes that are not dischargeable under the Bankruptcy Code. *United States v. River Coal Co.,*

*that OSM will not be bound by private arrangements.* Thus OSM will continue to pursue a policy of joint and several liability of involved parties for recovery of AML fees where appropriate.
49 Fed.Reg. 31,412 (August 7, 1984) (emphasis added).

3. Our decision in *Donovan v. McKee,* 845 F.2d 70 (4th Cir.1988), also lends support to our conclusion. In *McKee,* we held that for the purposes of the Federal Coal Mine Health and Safety Act of 1969 (FCMHSA), partners in coal mining partnerships were "unquestionably" personally liable as "operators" for black lung disability benefits. *Id.* at 72. We reached our decision in *McKee* in part because the legislative history of the FCMHSA indicated an intent to employ a broad interpretation of "operator" in determining liability for black lung benefits. *Id.*

748 F.2d 1103, 1106–07 (6th Cir.1984); *accord In re Sunset Enters., Inc.,* 49 B.R. 296, 297 (Bankr.W.D.Va.1985); *In re C.M. & C. Coal Co.,* 33 B.R. 358, 359 (Bankr. N.D.Ala.1983); *In re King,* 19 B.R. 936, 939 (Bankr.E.D.Tenn.1982). *See generally* Catino, *Is the Abandoned Mine Reclamation Fee Discharged in Bankruptcy?,* 2 J.Min.L. & Pol'y 243 (1986). In this case, the returns were due on or before August 1, 1979, but the returns were filed on March 18, 1980. Both partners had filed their bankruptcy petitions on September 1, 1981, a period less than three years after the reports were due as required by section 523(a)(1)(A). In light of the undisputed facts, we conclude that the partners' liability for the unpaid reclamation fees of the partnership was not extinguished by their discharge in bankruptcy.

### IV.

Because we conclude that the partners are operators within the meaning of the Act, and that the partners are not discharged from this obligation by the Bankruptcy Code, the decision of the district court granting summary judgment to the United States is hereby

AFFIRMED.