**Cynthia A. METZLER, Acting Secretary of Labor, United States Department of Labor, et al., Plaintiffs,**

v.

**TACKETT & MANNING COAL CORPORATION, et al., Defendants.**

**Civil Action No. 95–150.**

United States District Court, E.D. Kentucky.

March 28, 1997.

Ralph D. York, Thomas A. Grooms, Office of the Solicitor U.S. Department of Labor, Nashville, TN, Thomas S. Williamson, U.S. Department of Labor, Office of the Solicitor, Washington, DC, Jaylynn K. Fortney, U.S. Department of Labor, Office of the Solicitor, Atlanta, GA, for United States of America, plaintiff.

Richard M. Hopgood, Brown, Todd & Heyburn, Lexington, KY, for defendants.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

The defendants have moved the Court for judgment on the pleadings [Record No. 24]. The plaintiffs have responded [Record No. 38]. The plaintiffs have also moved the Court for summary judgment [Record No. 39]. The defendants have responded [Record No. 42].

The Court being advised, these matters are ripe for decision. Having reviewed the record and the memoranda submitted by the parties, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The defendant, Tackett & Manning Coal Corporation ("T & M") was incorporated on April 15, 1970, and was dissolved on March 17, 1993. While operating in Letcher County, Kentucky, T & M employed Gene Mullins as a miner. Mr. Mullins filed a claim under the Black Lung Benefits Act ("BLBA"), 30 U.S.C. §§ 901 *et seq.,* on August 28, 1978.

During his employment at T & M and at the time of the filing of his claim, the defendant, Kenneth Manning, was a statutory officer of the corporation, presiding as either president or secretary-treasurer. The defendant, Nancy Manning, however, was not a statutory officer; she became secretary-treasurer of the corporation on January 23, 1979.

Mr. Mullins was ultimately diagnosed with pneumoconiosis. On May 14, 1979, the District Director of the Office of Workers' Compensation Program, United States Department of Labor ("District Director"), issued a Notice of Initial Finding, designating T & M as the responsible operator liable for Mr. Mullins' benefits under the BLBA. T & M did not contest the District Director's findings, and thus, the Department of Labor on August 6, 1979, issued an award of benefits. Such award was upheld by the Sixth Circuit Court of Appeals on May 5, 1989.

Mr. Mullins' right to benefits having been affirmed, benefits payments were to begin. However, T & M did not have insurance and was not a self-insurer for the initial $75,000.00 of benefits to be paid to Mr. Mullins. Consequently, pursuant to 30 U.S.C. § 934, the District Director paid out interim benefits, in excess of $75,000.00, to Mr. Mullins from the Black Lung Disability Trust Fund ("Trust Fund"), set up for these very purposes.

The plaintiffs now seek reimbursement pursuant to 30 U.S.C. § 934(b)(1) from T & M for those benefits paid from the trust fund. The plaintiffs also seek reimbursement pursuant to 30 U.S.C. § 933(d)(1) from Kenneth Manning and Nancy Manning as statutory officers of T & M. Thus, the plaintiffs have filed this complaint in order to recover the following: (1) the benefits payments made to Mr. Mullins, (2) a statutory penalty provided for the failure to commence such payments in a timely manner, (3) costs of a physical examination provided to Mr. Mullins, (4) an attorney's fee award made to the claimant's attorney, and interest on such payments, where applicable.

The defendants have filed a motion for judgment on the pleadings. The defendants argue that the claims against Kenneth Manning and Nancy Manning are barred by the appropriate statute of limitations. The defendants contend that the statute of limitations for the claims against them pursuant to 30 U.S.C. § 933(d)(1) is five years; this suit was filed six years after the final determination for benefits.

The plaintiffs respond that the appropriate statute of limitations is embodied in 30 U.S.C. § 934(b)(4)(B), which gives the United States six years to commence an action after liability is finally determined. Thus, the plaintiffs submit that this action was timely filed against Kenneth Manning and Nancy Manning. Moreover, the plaintiffs contend that they are entitled to summary judgment. They argue that it is clear that the defendants are liable for failing to secure insurance and timely pay Mr. Mullins' benefits.

The defendants respond, admitting that T & M and Kenneth Manning are liable if the Court finds that the statute of limitations is six years rather than five years. However, they deny that Nancy Manning is liable under 30 U.S.C. § 933(d)(1), as she was not a statutory officer at the time of Mr. Mullins employment or at the time he filed his claim for benefits.

### CONCLUSIONS OF LAW

### I. Six-Year Statute of Limitations Is Applicable

■ 30 U.S.C. § 933 does not contain a statute of limitations within its provisions. 30 U.S.C. § 934 does, however. 30 U.S.C. § 934(b)(4)(B) (emphasis added) states,

The liability imposed by paragraph (1) may be collected at a proceeding in court if the proceeding is commenced within **6 years** after the date on which the liability was finally determined, or before the expiration of any period for collection agreed upon in writing by the operator and the United States before the expiration of such 6-year period....

Paragraph (1), as referred to in the quote above, states that an operator is liable to the United States for the amount of benefits paid out of the trust fund if "(A) an amount is paid out of the fund to an individual entitled to benefits under section 932 of this title, and (B) the Secretary determines, **under the provisions of sections 932 and 933** of this title, that an operator was required to secure the payment of all or a portion of such benefits...." 30 U.S.C. § 934(b)(1)(A) & (B) (emphasis added). Thus, section 933 gives rise to the liability of an operator to repay the benefits paid out of the fund. Accordingly, these sections are interrelated and the six-year statute of limitations set forth in section 934 would logically appear to apply to the collection and reimbursement provided for under 30 U.S.C. § 933(d)(1).

Little case law exists which interprets 30 U.S.C. § 933, and the case law that does exist fails to address what statute of limitations applies to section 933. Moreover, the Court could not find any case law discussing an appropriate statute of limitations for the BLBA, except in regards to 30 U.S.C. § 934. Consequently, the Court looks to the case of *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) for guidance.[1]

In *Wilson* the Supreme Court noted that where a federal statute is devoid of an appropriate statute of limitations, the Court should "adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Id.* at 266–67, 105 S.Ct. at 1941–42 (footnote omitted). The Court went on to note, however, that sometimes it is better to borrow a statute of limitations from a similar federal claim, especially since federal law dictates the characterization of the claims at hand and borrowing from another federal claim helps promote uniformity within the federal law. *Id.* at 269–70, 105 S.Ct. at 1943–44.

In borrowing statutes of limitations for other federal claims, this Court has generally recognized that the problem of characterization "is ultimately a question of federal law." In *DelCostello v. Teamsters,*

---

1. Both parties cite this case for guidance in their arguments for and against applying the six-year statute of limitations within 30 U.S.C. § 934.

462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), for example, we recently declined to apply a state statute of limitations when we were convinced that a federal statute of limitations for another cause of action better reflected the balance that Congress would have preferred between the substantive policies underlying the federal claim and the policies of repose. So here, the federal interest in uniformity and the interest in having "firmly defined, easily applied rules," support the conclusion that Congress intended the characterization of § 1983 to be measured by federal rather than state standards.

*Id.* (citations and footnotes omitted). Thus, the Court must look at whether it would be more appropriate to adopt a state statute of limitations, as the defendants would have the Court do, or whether to adopt a federal statute of limitations, as the plaintiffs suggest the Court do.

In this case, the most appropriate statute of limitations is the six-year statute of limitations set forth in 30 U.S.C. § 934(b)(4)(B). Adopting section 934's statute of limitations comports with the Supreme Court's acknowledgment that uniformity within the federal law is essential. As the plaintiffs point out in their response, it would not make sense to immunize the corporate officers from suit when the corporation is still liable. Moreover, adopting the six-year statute of limitations in section 934 is logical and keeps the law consistent within the BLBA. Thus, this Court adopts section 934's six-year statute of limitations and the claims against the defendants, Kenneth and Nancy Manning, are not time-barred.

## II. Nancy Manning is Liable under 30 U.S.C. § 933(d)(1)

■ The defendants argue that Nancy Manning cannot be liable under 30 U.S.C. § 933(d)(1) because she was not a statutory officer at the time Mr. Mullins was employed by T & M and at the time Mr. Mullins filed his complaint under the BLBA. 30 U.S.C. § 933(d)(1) states,

Any employer required to secure the payment of benefits under this section who fails to secure such benefits shall be sub-

ject to a civil penalty assessed by the Secretary of not more than $1,000 for each day during which such failure occurs. In any case where such employer is a corporation, the president, secretary, and treasurer thereof also shall be severally liable to such civil penalty as provided in this subsection for the failure of such corporation to secure the payment of benefits. Such president, secretary and treasurer shall be severally personally liable, jointly with such corporation, for any benefit which may accrue under this subchapter in respect to any disability which may occur to any employee of such corporation while it shall so fail to secure the payment of benefits as required by this section.

This subsection does not define when the officer must be in place for liability to attach. Moreover, once again, the Court could find no law on this exact issue. However, the Court did find case law which allowed this section to be applied retroactively, even though the defendants argued, as the defendants do in this case, that to apply the section to them would be unjust and unfair.

In *Donovan v. McKee,* 669 F.Supp. 138 (S.D.W.Va.1987), *aff'd,* 845 F.2d 70 (4th Cir. 1988), the district court held that the defendants were personally and severally liable under 30 U.S.C. § 933(d)(1). The defendants clearly had been officers of the coal corporation, Sunnyside, at the time the miner, Cline, applied for black lung benefits under the BLBA; so, the issue before the Court was whether they could be personally liable since "[a]t the time Sunnyside was found liable for benefits to Cline, the Act did not provide for statutory liability...." The BLBA had been subsequently amended and personal liability for officers became effective during the time the corporation was to have paid Cline his benefits.

The defendants argued that the amendment could not be applied retroactively. The Court, however, held it could because the Court determined that retroactive application would not be unjust; the Court noted the "importance of ensuring that officers will fulfill their obligations to require their corporations to obtain insurance under this Act...." 669 F.Supp. at 140.

The Court of Appeals for the Fourth Circuit upheld the district court's determination. 845 F.2d at 71. However, the Fourth Circuit emphasized that it was affirming the district court's determination on the basis that the defendants were officers of the prior operator. The Fourth Circuit declined to address the issue of whether they could be held liable personally as officers of the successor corporation. *Id.*

■ Although the Fourth Circuit declined to determine if successive officers could be held liable, looking at the BLBA, the Act makes it clear that successor corporations may be held liable for miners who file claims and are awarded benefits under a prior operator. *See* 30 U.S.C. § 932(i)(1). Likewise, in the federal regulations, it is clear that liability may be imposed on future operators.

[I]t is clear that the Secretary has wide latitude for determining which operator shall be liable for the payment of part C benefits. Comprehensive standards have been promulgated in Subpart D or Part 725 of this chapter for the purpose of guiding the Secretary in making such determination. It must be noted that pursuant to these standards any parent or subsidiary corporation, any individual or corporate partner, or partnership, any lessee or lessor of a coal mine, any joint venture or participant in a joint venture, any transferee or transferor of a corporation or other business entity, **any former, current, or future operator** or any other form of business entity which **has had or will have** a substantial and reasonably direct interest in the operation of a coal mine may be determined liable for the payment of pneumoconiosis benefits after December 31, 1973.

20 C.F.R. § 726.4 (emphasis added). Moreover, under the regulations it is clear that Congress' intent was to ensure that the coal companies and their officers would bear the burden for black lung, and not the United States. *See* 20 C.F.R. 725.490(a) ("One of the major purposes of the black lung benefits amendments of 1977 was to provide a more effective means of transferring the responsibility of the payment of benefits from the Federal government to the coal industry with

respect to claims filed under this part.") Consequently, Congress amended the Act to allow for personal liability and also to ensure that successor corporations were held liable for a prior operators' failure to secure benefits, even though it may not have been the successor corporations fault.

(2)(i) Except as otherwise provided in this paragraph, if the operator described in paragraph (a)(1) of this section was an operator of a mine or mines or the owner of the assets thereof on or after January 1, 1970, ("a prior operator") and on or after January 1, 1970, transferred such mine or mines or substantially all of the assets thereof to another operator ("a successor operator"), **such successor operator shall be liable for and shall secure the payment of all benefits *which would have been payable by the prior operator* with respect to miners *previously* employed by such prior operator** as if the acquisition had not occurred and the prior operator had continued to be a coal mine operator. A lessor of a coal mine may be considered a prior or successor operator in accordance with this subpart.

(ii) The stated congressional objective supporting section 422(i) of the Act is **to prevent a coal operator from circumventing liability under this part by entering into corporate or other business transactions which make the assessment of liability against that operator a financial or legal impossibility.** Accordingly, a prior operator under paragraph (a)(2)(i) of this section, which transfers a mine or mines or substantially all assets thereof, shall remain primarily liable for the payment of benefits under this subpart predicated on employment with the prior operator if such operator meets the conditions of s 725.492(a)(2) and (a)(4). If the conditions in s 725.492(a)(2) and (a)(4) are not met, the successor operator shall, if appropriate, be liable for the payment of benefits.

20 C.F.R. § 725.493(2)(i)-(ii) (emphasis added).

In fact, the regulations go on to state that "any successor operator may be determined to be the responsible operator with respect

to a claim **whether or not** the miner on whose total disability or death claim is predicated **was employed by such successor operator for any period of time.**" 20 C.F.R. § 725.493(2)(iii) (emphasis added). Following this same line of reasoning, the Court finds that Nancy Manning is personally liable as secretary-treasurer of T & M, even though she was not in such position at the time Mr. Mullins was employed by T & M or at the time he filed his claim. It is unfortunate for Ms. Manning, but the statutory scheme clearly does not allow a corporation, and thus logically its officers, from escaping liability under the BLBA due to a changing of the guard in the corporate world. If the BLBA did allow an officer to do so under 30 U.S.C. § 933(d)(1), Congress surely would have explicitly stated so, since the rest of the Act does not shield successors-in-interest.

Having so stated,

**IT IS ORDERED** as follows;

(1) The defendants' motion for judgment of the pleadings [Record No. 24] be, and the same hereby is, **DENIED;**

(2) The plaintiffs' motion for summary judgment [Record No. 39] be, and the same hereby is, **GRANTED;**

(3) The plaintiffs shall prepare the judgment for the Court with the appropriate damages and interest calculated pursuant to 30 U.S.C. § 933(d)(1) and § 934(b)(1) as against the defendants.